SAVOY, Judge.
This is a suit in workmen’s compensation. On November 14, 1963, the plaintiff, William Clark, Jr., sustained an injury while working in the course and scope of his employment with the defendant, Hunt Lumber Company, Inc., in Sabine Parish. Plaintiff was given medical treatments and was paid weekly compensation benefits for the period of time from the injury to February 25, 1965, when all benefits under the act were terminated. Plaintiff then instituted this suit against his employer for full benefits under the act, plus penalties and attorney’s fees. After trial on the merits, the district court rendered judgment for the defendant, and plaintiff has appealed to this Court.
The sole issue presented for our determination is whether or not plaintiff was disabled within the meaning of the Workmen’s Compensation Act beyond the period ending February 25, 1965.
The record shows that plaintiff sustained an injury on November 14, 1963, when a stack of lumber fell against his right leg. He was taken immediately to a clinic in Many, Louisiana, where he was treated by Dr. N. U. Booker, a general practitioner. In lieu of calling Dr. Booker to testify, a report of Dr. Booker dated April 17, 1964, was filed in evidence. Dr. Booker found plaintiff to have a facture of the fibula and tibia at the right ankle joint, and a cast was applied on November 14, 1963. He saw plaintiff on twelve occasions, the last being on April 16, 1964. At that time he found there was good motion in plaintiff’s ankle, with some swelling of the leg. It was his impression that no further treatment would be needed, and that plaintiff was able to return to work as of April 17, 1964.
Dr. R. E. Dupre, a general practitioner in Ville Platte, Louisiana, treated plaintiff on a number of occasions between October 14, 1963 and September 21, 1965. He diagnosed plaintiff’s condition as ankylosis of the right knee and ankle, with some limita *176 tion of motion. He prescribed medication for relief of pain and recommended exercises. Dr. Dupre felt that plaintiff’s condition had improved as of the last visit on September 21, 1965, but believed plaintiff would have pain if he tried to walk on uneven ground, and would not recommend that plaintiff return to heavy strenuous work at that time. It was the doctor’s opinion that plaintiff would recover in time without any permanent disability, although plaintiff would have to exercise the knee and ankle in order to improve his condition.
Dr. P. M. Davis, an orthopedic surgeon in Alexandria, Louisiana, examined plaintiff on April 23, 1964, and February 8, 1965. At the first examination, plaintiff complained of pain in his ankle and of swelling in the lower right leg. An examination revealed full motion of the right ankle and foot and full motion of the right knee. The calf of the right leg measured t/s inch larger than that of the left leg, which the doctor attributed to swelling of the right lower leg. There was evidence of crepitation over the medial collateral ligament of the right knee as it was stretched and examined. X-rays of the ankle revealed the healed fractures, and indicated that the patient apparently had a good strong ankle. X-rays of the right knee revealed fairly marked degenerative arthritic changes. Dr. Davis diagnosed plaintiff’s condition as follows: (1) healed fractures of the bones at the right ankle, (2) partial tear of ligament in right knee, which was healed, and (3) acute bursitis, in the medial collateral ligament of right knee. At the time he felt the knee should be treated with cortisone injections, and that the condition would clear up quickly. With such injections, he felt the patient could go back to work within several weeks. At the examination on February 8, 1965, the patient entered the office using a cane, and complained of pain in the right lower extremity. There was some swelling in the lower part of the leg and ankle. There was a crunching sensation in the region of the patella in both knees, with no effusion in either knee. There was full motion of both knees, but the plaintiff complained of pain on flexion of the right knee. There was no evidence of atrophy of either thigh as compared to the other. The plaintiff had full ankle motion. Additional X-rays of the ankle were taken and compared with the previous X-rays, and there was no evidence of any change, except that the fracture line had disappeared. This was due to complete healing of the fractures. Additional X-rays were made of the right knee, and the films showed a possible increase in the arthritic processes of the right knee as compared with the left, but there was no evidence of relaxation of the ligaments. Dr. Davis made the same diagnosis as previously made, but felt that plaintiff had now healed from all three conditions. The bursitis had completely healed at this time. Dr. Davis did not feel the crepitation in the right knee was disabling. Although plaintiff appeared to use a cane and had some swelling in the lower leg, Dr. Davis believed the. ankle had completely healed and did not give plaintiff much trouble. There was no atrophy present in the leg. With these conditions and some minimal impairment from the possible aggravation of the arthritis of the right knee, he felt plaintiff had a 5% disability to the right lower extremity as a whole, but did not believe this would prevent plaintiff from returning to his previous employment. As an educated guess, Dr. Davis estimated plaintiff could have returned to work previously in about June or July of 1964 for full employment. The doctor felt that plaintiff was not being truthful with him concerning the pain in his leg and the use of the cane, and believed plaintiff had tried to mislead him.
Dr. Frank X. Cline, Jr., an orthopedic surgeon in Monroe, Louisiana, examined plaintiff on April 16, 1965. Plaintiff complained that he was unable to take any strain on his right leg, that his leg swelled, that his right knee popped when he bent it, and that he had to take pain pills regu *177 larly. Dr. Cline noted that plaintiff walked with the aid of a walking cane, but did not seem to have any particular limp. There was a bowleg type deformity arising at the knee, and some crepitation or popping felt in the kneecap as the patient bent and straightened out the knee. The doctor felt this bowleg deformity and crepi-tation in the knee was associated with arthritis which is fairly common in a laboring person the age of plaintiff. The plaintiff was 59 years of age. The doctor did not believe this condition was disabling. The right ankle region was slightly enlarged, measuring approximately one-half inch larger in circumference than the left ankle. There was a slight limitation of ankle motion, with some tenderness about the ankle region on the right, but no instability or deformity of the ankle joint was apparent. X-ray examination showed that the fractures at the ankle had healed. The smaller bone was in perfect alignment, and the larger bone had healed with a very slight misalignment at the ankle joint. Dr. Cline was of the opinion that plaintiff was able to return to his previous type employment, with very slight disability of the extremity as a result of the injuries he had received. He estimated plaintiff had a 5% residual disability of the right lower extremity. It was the doctor’s opinion that plaintiff did not need a cane for walking. He felt plaintiff might have some slight discomfort on extremes of motion of the ankle, but he would have very little discomfort in ordinary use of the ankle. The slight thickening of the fatty and fibrous layers over the right ankle was due to the repairative process. Dr. Cline believed that for all practical purposes plaintiff could work without pain, although it is possible plaintiff might experience some discomfort at times.
It was stipulated that plaintiff had not worked since the accident. Plaintiff tes-' tified that his trouble was mostly in his ankle, and that it hurt him when he used it regularly or put any strain on it. He testified that the pain in his leg was from the knee downward, that he could not do without his walking cane, that he takes pain pills to stop the pain and bathes his ankle in epsom salts when it swells. At the trial, the district court examined plaintiff’s ankle and foot and observed that it appeared normal in every respect to an untrained layman’s eye.
The district court determined that plaintiff might be experiencing some continuing discomfort which may well be permanent, but believed that plaintiff’s troubles were not as serious as he appeared to make them. The court found from the medical evidence that plaintiff had completely recovered from his injuries, with no appreciable residual impairment.
After carefully reviewing the record in this case, we agree with the findings of the district court that plaintiff did not prove by a preponderance of the evidence that he was disabled within the meaning of the Workmen’s Compensation Act subsequent to the date he was paid compensation benefits. The treating physician, Dr. N. U. Booker, discharged plaintiff for work on April 17, 1964. Both of the orthopedic specialists who examined plaintiff found that he had recovered and was able to return to his previous employment prior to February 25, 1965. Dr. Dupre’s opinion as to the degree of plaintiff’s disability and pain, if any, was indefinite and based upon the complaints of plaintiff. These complaints of plaintiff were discounted by the district court as being exaggerated. Considering the evidence presented in this case, this Court finds no manifest error in the judgment of the district court.
For the reasons assigned the judgment of the district court is affirmed at appellant’s costs.
Affirmed.